WHIPPLE and Wife *against* LANSING and VAN RENSSELAER.

A defendant who is charged by the plaintiff as fraudulently colluding with his co-defendant, in regard to the transactions sought to be impeached, cannot be a witness for his co-defendant; especially when he has an interest in the cause, arising from his liability for *costs*, and his ultimate responsibility, if the charge is proved. And the cause, after issue, having been referred to a Master, by consent, to take an account, the witness cannot be allowed to be examined before the Master, even *de bene esse*.

*November* 30th.

THE bill stated that the father of the plaintiff's wife died intestate, the 28th of *September*, 1805, leaving her his sole heir, and widow, since deceased. That the plaintiff and his wife were married in *June*, 1817. That the intestate left a considerable personal estate, more than sufficient to pay all his debts, and died seised of a large real estate. That on the 28th of *October*, 1805, the defendant, *Abraham A. Lansing*, administered on the estate, and on the 28th of *June*, 1806, upon false representations of the sums due,

and which had been paid and received, and of the amount of the debts of the intestate, &c., fraudulently procured an order from the surrogate to sell the real estate; and exhibited an account to the surrogate, in which he charged as paid to the defendant *Philip P. Van Rensselaer*, for moneys due to the firm of *Lansing & Van Rensselaer*, the sum of 1,706 dollars, &c. which the defendant *L.* knew was not due or paid, and that the account was false, &c. That the account was fraudulently made by *L.*, in collusion with the defendant *V. R.*, who was afterwards appointed the guardian of the plaintiff's wife, and has refused to render an account, &c.

The defendants put in their joint and several answer, to which their was a replication. An order of reference to a Master was entered by consent, to state an account between the plaintiffs and the defendant *L.*, as administrator, and between the plaintiffs and the defendant *V. R.*, as guardian.

Petition of the defendant *L.* for leave to examine the defendant *V. R.* before the Master, as a witness for him, to prove the assets which had come to his hands, and their application.

*Van Vechten*, in support of the petition.

*W. Duer* and *H. Bleecker*, contra.

THE CHANCELLOR. The defendant, *Van Rensselaer*, is charged in the bill as a *particeps criminis* to the transactions, or some of them, sought to be impeached. He is called to swear to the truth and to the justness of the charges made on his part, and to the payments made on the part of the other defendant, and which are charged as being the result entirely of a fraudulent collusion. If the charge be true, the defendant, *Van Rensselaer*, must not only answer in costs, but he loses the advantage of the settlement

he has made with the other defendant, and he will be ul= timately responsible for the money. He is, therefore, upon the face of the pleadings, not only a *particeps crimi- nis*, but he has an interest in the result of the cause.—— He is clearly, therefore, an incompetent witness. The decisions in *Dixon* v. *Parker*, (2 *Vesey*, 219.) *Bridg- man* v. *Green*, (2 *Vesey*, 629.) and *Downing* v. *Townsend*, (*Amb.* 592.) are to this effect. So, in *Murray* v. *Shad- well*, (2 *Vesey & Bea.* 401.) in which Lord *Eldon* ruled, that one co-defendant may be examined before hearing, for another, if not interested in the matter to which he is to be examined, it was agreed, that if it turns out that he has an interest in those matters, by reason of his interest in the result, his deposition cannot be read.

It would be dangerous to make an experiment in this case, by an order *de bene esse*. The cause after issue, and without hearing, was, by consent, referred; and if the Mas- ter was to take the testimony, it would be difficult to de- termine on its effect and competence afterwards. It is not like the case of testimony taken before hearing, which can be entirely and safely suppressed, when the hearing comes on, if it should be judged inadmissible.

                                        Motion denied,